# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4356 | **DATE** | 6/21/2001 |
| **CASE TITLE** | MARY ANNE ZURN vs. ALDO E. BOTTI, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The ruling of the Bankruptcy Court is Affirmed. Status hearing held.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 5 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 10 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 22 AM 11:48 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.



DOCKETED
JUN 2 5 2001

In re
**MARY ANNE ZURN,**

v.

**ALDO E. BOTTI, et.al.**

Case No. 00 C 4356

The Honorable John W. Darrah

On appeal from the United States
Bankruptcy Court for the
Northern District of Illinois,
Eastern Division No. 95 B 05288
Hon. Eugene E. Wedoff,
Bankruptcy Judge.

## MEMORANDUM OPINION AND ORDER

Appellant Mary Anne Zurn ("Zurn") appeals from a Bankruptcy Court order dated June 8, 2000, granting Aldo Botti's Motion for Reconsideration and denying her Motion to Enforce the Plan. For the following reasons, the ruling of the Bankruptcy Court is AFFIRMED.

## STANDARD OF REVIEW

This court has subject matter jurisdiction over this appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1), which vests the District Court with jurisdiction over appeals from "final judgments, orders and decrees." In reviewing Bankruptcy Court decisions, the District Court serves as an appellate court. *In re Anthony Zolner*, 249 B.R. 287, 291 (N.D. Ill 2000). "Review of the bankruptcy court's findings of fact are upheld unless they are clearly erroneous and review of the bankruptcy court's legal conclusions is de novo." *In re Home Comp. Care, Inc.*, 221 B.R. 202, 205

10

(N.D. Ill 1998)(citing *In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir. 1997). In reviewing bankruptcy decisions, only evidence presented to the Bankruptcy Court and made a part of the record may be considered. *Id.* at 205, n.1 (citation omitted).

## BACKGROUND

The events forming the basis of the present controversy began in 1992-1993 with the filing of two cases in the Circuit Court of Du Page County. Appellant Zurn was a party to both cases: *Zurn v. Botti and Botti, Marinaccio & Tameling, Ltd.*, No. 92 L 1808 (the "Zurn Case") and *Botti, Marinaccio & Tameling, Ltd. v. Zurn*, No. 93 L 2029 (the "Botti case"). Both cases were reduced to judgments against Zurn before she filed her Chapter 11 bankruptcy petition on March 16, 1995. However, at the time of Zurn's filing, the Zurn case was the subject of a motion to vacate a sanctions judgment, and the Botti case was on appeal to the Illinois Appellate Court.

On April 10, 1995, the Botti firm filed its proofs of claims related to the judgments entered in the Zurn and Botti cases. Ten days later, Zurn removed the Zurn and Botti cases to federal court and asked the Bankruptcy Court to reverse the judgments in the two cases. On August 17, 1995, the Bankruptcy Court entered its abstention order and remanded the cases to state court for further proceedings, including determination of the amount of the claims to be allowed in bankruptcy. Zurn appealed the abstention order on August 23, 1995, but the District Court affirmed it.

On October 18, 1995, Zurn filed her second amended disclosure statement and plan of liquidation (the "Plan"), which provided for 100% payment on all secured and unsecured claims. Zurn made payments to the Botti firm totaling $178,735.67 on March 27, 1996 to satisfy the judgments entered in the Zurn and Botti cases. The Plan reserved Zurn's right to "continue to prosecute certain actions against the holders of the Botti Secured Claims and the Moran Secured

Claims in the state and federal courts." The final decree closing the Zurn bankruptcy case was entered by the Bankruptcy Court on April 22, 1996.

On March 20, 1998, the Illinois Appellate Court issued a Rule 23 order reversing the judgments entered in the Zurn and Botti cases and remanding the cases for further proceedings. The mandate was filed with the Circuit Court of DuPage County on November 9, 1998.

Zurn filed her motion to reopen the bankruptcy case on December 16, 1999. On January 7, 2000, Zurn filed a motion to set a status hearing in the Du Page Zurn case. The Bankruptcy Court granted the motion to reopen the bankruptcy proceedings on January 18, 2000; and Zurn filed her motion for an order requiring repayment of claims on February 2, 2000. On April 6, 2000, the Bankruptcy Court granted in part and denied in part the motion for repayment. This order was docketed on April 7, 2000. In the meantime, on April 7, 2000, the trial judge in the Zurn case entered an order denying Zurn's Rule 369 motion to reinstate as untimely because it was filed fourteen months after the mandate was filed with the Circuit Court. The Zurn case was dismissed with prejudice by the Circuit Court since Zurn had the affirmative duty to reinstate the case, and none of the reasons proffered by Zurn justified a fourteen-month delay in filing the motion to reinstate.

On April 17, 2000, the Botti firm filed its Motion to Reconsider the order entered by the Bankruptcy Court on April 7, 2000. The Bankruptcy Court granted Botti's Motion to Reconsider on June 8, 2000, finding that the Plan did not provide for any refund and that it only reserved Zurn's right to pursue her rights in state court. The Bankruptcy Court further stated that its earlier decision to abstain from intervening in the Zurn and Botti cases prevented it from deciding one issue in these same cases. On appeal, Mary Anne Zurn seeks to have the order of the Bankruptcy Court dated June

8, 2000 overturned and an order for restitution of the monies she paid out on the two state claims pursuant to the Plan.

## DISCUSSION

On appeal, Zurn argues that the Bankruptcy Court "erred in abstaining from compelling the creditors to repay Ms. Zurn" the money she paid to satisfy the "bankruptcy claims based on state court judgments subsequently reversed." (Mot. 12). Zurn cites her opponents' state law obligation to make restitution in requesting just such an order from the Bankruptcy Court.

Appellees respond by arguing that: (1) Zurn abandoned her state law claims for restitution in the *Zurn* and *Botti* cases by waiting until her cases were stale and subject to dismissal before attempting to reinstate one of the cases; (2) the Bankruptcy Court lacked jurisdiction under the *Rooker-Feldman* doctrine to order restitution after the Circuit Court of Du Page County dismissed the *Zurn* case with prejudice; (3) having abstained from hearing the claims in 1995, the Bankruptcy Court could not change course and order the appellees to pay restitution for the money received in satisfaction of these claims; and (4) the Bankruptcy Court's post-confirmation jurisdiction is limited to matters specified in the Plan.

*Abandonment of Claims and the Rooker-Feldman Doctrine*

The Circuit Court of Du Page County has denied Zurn's motion to reinstate the "Zurn" case as untimely because it was not filed until fourteen months after the mandate was filed with the Circuit Court. Indeed, under Illinois law, Zurn had an "affirmative burden" to pursue her rights after the mandate issued. *National Underground Construction Co. v. E.A. Cox Co.*, 652 N.E.2d 1108, 112 (Ill. App. Ct. 1995). As the prevailing party on appeal, Zurn also had a duty to reinstate the case within a reasonable time. Essentially, Zurn is asking that the *Zurn* and *Botti* cases be reopened for

the limited purpose of granting her restitution, regardless of any other issues in the cases. This request is particularly problematic in the *Botti* case, which represented the Botti firm's demand for legal fees. It may well be that had the case been reinstated, Zurn would have been liable for all or part of the money she had been obligated to pay Botti as part of the default judgment. By waiting until the state cases were stale and then seeking restitution in federal court, Zurn would gain the advantage of ending both matters without a determination of what part of the fees, if any, Zurn was ultimately obligated to pay.

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to reexamine the decisions of state tribunals in civil litigation. *Homola v. McNamara*, 59 F.3d 647, 649 (7th Cir. 1995). The Circuit Court of Du Page County has dismissed the *Zurn* case with prejudice, and the *Botti* case has never been reinstated. Review of an issue in the *Zurn* case is barred by the *Rooker-Feldman* doctrine.

*Abstention and Post-Confirmation Jurisdiction*

In reaching its decision on June 8, 2000, the Bankruptcy Court cited its earlier ruling abstaining from consideration of the appeals in the two cases. The Bankruptcy Court stated:

> But given the ruling that I made originally that this is a matter that ought to be adjudicated in state court, I don't think that I can pick out individual portions of the state court rights and say this one will be determined in bankruptcy court as opposed to another one. And so I have determined to grant Mr. Botti's motion, and I will simply deny the motion for enforcement of the plan.

(Bank. Ct. Trans., June 8, 2000). The Appellee has cited no authority showing that the Bankruptcy Court's decision to adhere to the earlier ruling is improper. Indeed, the Bankruptcy Court's reasoning appears particularly persuasive relative to the *Botti* case since granting restitution based on the successful appeal would only be fair if the Bankruptcy Court then proceeded to consider the

merits of Botti's claim for legal fees. The Bankruptcy Court's decision to abstain is affirmed.

In construing the plan of reorganization, the Bankruptcy Court found that the Plan did not provide for a remedy in bankruptcy if the state judgments were overturned. It stated:

> And the plan and reorganization says that the debtor shall make these payments, payments pursuant to the judgments that were then in effect, in full and that the debtor has the right to pursue claims against Mr. Botti and his firm in state court. It does not say that there is any right to refund in the event of a discharged judgment. It simply leaves the debtor in the position of pursuing her rights in state court.

(Bank. Ct. Trans., June 8, 2000).

The relevant portion of the plan stated that the debtor would retain the right to:

> ...continue to prosecute her actions against [Botti and the Botti firm] in the state and federal courts, including, without limitation, the continued prosecution of her motion to vacate the default judgment in the *Zurn v. Botti* state court case and any appeal thereof, the continued prosecution of the appeal in *Botti v. Zurn* state court case, the appeals filed in the federal court and any other claim the debtor may have against Botti, the Botti firm, and Moran.

Indeed, the Plan never provided for a remedy in Bankruptcy Court if the judgments were overturned. Furthermore, the fact that the Bankruptcy Court abstained from considering the merits of the appeals in 1995 should have put Zurn on notice of her obligation to pursue her remedy in state court.

## CONCLUSION

For the reasons stated herein, the ruling of the Bankruptcy Court is AFFIRMED.

**IT IS SO ORDERED.**

Date: June 2, 2001

John W. Darrah, Judge
United States District Court

-6-